# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHRISTOPHER NAAS,               )
                                )
    Appellant-Defendant,        )
                                )
        vs.                 )    No. 49A04-1301-CR-4
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah F. Pierson-Treacy, Judge
Cause No. 49F19-1209-CM-65440

**August 14, 2013**

**OPINION- FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

 Christopher Naas appeals his conviction for Class B misdemeanor public intoxication under Indiana's recently amended statute.  He contends that the evidence is insufficient to show that he was intoxicated and that he breached the peace and/or annoyed or alarmed another person.  The evidence of Naas's red, watery eyes, slurred speech, unsteady balance, odor of alcohol about his person, and Naas alarming others by walking toward them in an aggressive manner while yelling at them which caused them to back away from him is sufficient to prove public intoxication.  We therefore affirm his conviction.

## Facts and Procedural History

 On September 20, 2012, Naas, Ryan Wall, and another male drove to Thornton's gas station at 5310 West Tenth Street in Indianapolis after being involved in a traffic incident with a male and female in another car.  Speedway Police Officer Robert Fekkes was dispatched to the scene in response to a report of a disturbance between a male and a female at the gas station.  Upon arrival, Officer Fekkes saw an argument between Naas, Wall, and the male and female from the other car.  Naas was yelling and walking aggressively toward the male and female as they backed away from him and tried to "de-escalate the situation."  Tr. p. 9.

 Naas appeared intoxicated to Officer Fekkes, who saw that Naas had "red watery eyes, slurred speech, unsteady balance and had the odor of an alcoholic beverage upon his person."  *Id*. at 10.  When Officer Fekkes questioned Naas, he was "relatively calm" but continued "to either not answer any of the questions or lie . . . about the answers."  *Id*.

at 12. He also noticed a half-empty bottle of whiskey on the passenger floorboard of the car that Naas was standing next to.

The State charged Naas with public intoxication as a Class B misdemeanor. In December 2012, a bench trial was held. The State presented the testimony of Officer Fekkes, and Naas presented the testimony of Wall and also testified on his own behalf. Naas and Wall both stated that Naas did not argue with anyone and was walking into the gas station to "purchase a pack of cigarettes." *Id*. at 24. The trial court found Naas guilty of public intoxication as a Class B misdemeanor and "specifically that he breached the peace with his manner and behavior and that he did, I am going to infer, alarm[] the other people by the fact that they backed away. That's the evidence that the officer said." *Id*. at 33. The court sentenced Naas to four days in jail.

Naas now appeals.

## Discussion and Decision

Naas contends that the evidence is insufficient to sustain his conviction for public intoxication. Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor judge the credibility of the witnesses. *Lainhart v. State*, 916 N.E.2d 924, 939 (Ind. Ct. App. 2009). We will consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id*. A conviction may be based upon circumstantial evidence alone. *Id*. Reversal is

appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id.*

Our General Assembly amended the public-intoxication statute, Indiana Code section 7.1-5-1-3, effective July 1, 2012, by requiring the State to prove more than that a defendant was intoxicated in a public place or place of public resort. *See* P.L. 117-2012.[1] Specifically, the statute now requires:

> Subject to section 6.5 of this chapter, it is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in Indiana Code 35-48-1-9), if the person:
> (1) endangers the person's life;
> (2) endangers the life of another person;
> (3) breaches the peace or is in imminent danger of breaching the peace; or
> (4) harasses, annoys, or alarms another person.

Ind. Code § 7.1-5-1-3. As charged in this case, the State was required to prove that Naas was in a public place or place of public resort in a state of intoxication caused by his use of alcohol or a controlled substance and endangered his life or the life of another person, breached the peace, or harassed, annoyed, or alarmed another person. Appellant's App. p. 15.

Indiana Code section 9-13-2-86 defines "intoxicated" as "under the influence of . . . alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." "Impairment can be established by evidence of: (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady

---

[1] Before the amendment, Indiana Code section 7.1-5-1-3 simply provided that "[i]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35-48-1-9)." Ind. Code Ann. § 7.1-5-1-3 (West 2005).

balance; (6) failure of field sobriety tests; and (7) slurred speech." *Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied*.

Naas first argues that the evidence is insufficient to show that he was intoxicated. He claims that Officer Fekkes testified inconsistently at trial that he exhibited the behaviors of someone who was intoxicated, but at the same time was "calm and compliant when placed in custody." Appellant's Br. p. 7. The evidence most favorable to his conviction, however, reveals that Officer Fekkes testified that Naas had "red watery eyes, slurred speech, unsteady balance and had the odor of an alcoholic beverage upon his person." Tr. p. 10. He also saw that there was a half-empty bottle of whiskey on the passenger floorboard of the car that Naas was near. Furthermore, Officer Fekkes had been trained to recognize the signs of intoxication and concluded that Naas was in fact intoxicated. The fact that Naas may have been calm when taken into custody does not negate the fact that he was intoxicated.

Next, Naas argues that the "record is devoid of the requisite evidence of breach of peace or of behavior that alarmed another person." Appellant's Br. p. 5. He claims that there was no evidence of breach of peace on Naas's behalf because Officer Fekkes testified that all individuals involved in the altercation were yelling. Tr. p. 10. He also claims that Officer Fekkes's testimony that the other male and female looked as if "they were trying to back away from [Naas] who appeared to be excited" does not rise to the level of alarming another person. *Id*. at 9. The evidence most favorable to the conviction reveals that Naas was agitated, yelling, "trying to continue the altercation," and walking in an aggressive manner, causing the other parties to back away. *Id*. at 9-10, 15. At trial,

5

the court found "specifically that [Naas] breached the peace with his manner and behavior and that he did, I am going to infer, alarm[] the other people by the fact that they backed away." *Id.* at 33. We agree that the evidence of the parties backing away is sufficient to infer that Naas alarmed them when he yelled and walked in an aggressive manner toward them. Accordingly, we conclude that the evidence of intoxication and alarming others constitutes substantial evidence of probative value to support Naas's conviction of Class B misdemeanor public intoxication.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.