## FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIN THANG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1303-CR-110 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marshelle Broadwell, Judge Pro Tempore
Cause No. 49F07-1212-CM-81589

**October 31, 2013**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Tin Thang was arrested at an Indianapolis gas station and charged with class B misdemeanor public intoxication. The trial court subsequently convicted him as charged. Thang now appeals, challenging the sufficiency of evidence to support his conviction. Finding that the evidence is insufficient to establish that the intoxicated Thang alarmed another person within the mean of the statute or endangered either his life or another person's life, we reverse.

## Facts and Procedural History

While patrolling southwest Indianapolis on December 2, 2012, Indianapolis Metropolitan Police Officer Michael Agresta stopped at a gas station to use the restroom. When he emerged from the men's room moments later, he noticed a vehicle in the parking lot that had not been there when he arrived. He also noticed that there was a customer inside the station conversing with the cashier, but he could not hear what was said. The cashier immediately notified Officer Agresta that the customer showed signs of being intoxicated. The officer approached the customer, Thang, and noticed that he was unsteady, smelled of an alcoholic beverage, and had bloodshot eyes. The officer asked for identification, which Thang produced. He also ran a license plate check on the vehicle that had recently arrived and found that it was registered to Thang. The keys to the vehicle were in Thang's possession. Officer Agresta arrested Thang and had his vehicle towed.

The State charged Thang with class B misdemeanor public intoxication, and he was convicted as charged following a bench trial. He now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

Thang challenges the sufficiency of evidence to support his conviction. When reviewing insufficiency of evidence claims, we neither reweigh evidence nor judge witness credibility. *Mathews v. State*, 978 N.E.2d 438, 443 (Ind. Ct. App. 2012), *trans. denied* (2013). Instead, we examine the evidence and reasonable inferences most favorable to the judgment. *Id*. If there is evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt, we will affirm. *Id*. A conviction may be sustained on circumstantial evidence alone. *Green v. State*, 587 N.E.2d 1314, 1315 (Ind. 1992). "Reversal is appropriate only where reasonable persons would not be able to form inferences as to each material element of the offense." *Naas v. State*, No. 49A04-1301-CR-4, 2013 WL 4105231, at *1 (Ind. Ct. App. Aug. 14, 2013).

Thang was convicted of class B misdemeanor public intoxication. In 2012, the General Assembly amended the public intoxication statute, defining the offense in pertinent part as follows:

> [I]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35-48-1-9), if the person:
>
> (1) endangers the person's life;
>
> (2) endangers the life of another person;

3

(3) breaches the peace or is in imminent danger of breaching the peace; or

(4) harasses, annoys, or alarms another person.

Ind. Code § 7.1-5-1-3(a).

Thang concedes that he was intoxicated in a public place[1] but challenges the sufficiency of evidence to support a finding that he either endangered himself or others, breached or was in imminent danger of breaching the peace, or harassed, annoyed, or alarmed another person. In amending the statute to include this required finding, the General Assembly expressed its clear intent that it is "no longer a crime simply to be intoxicated in public." *Stephens v. State*, 992 N.E.2d 935, 938 (Ind. Ct. App. 2013). "The addition of these elements promotes public policy encouraging inebriated persons to avoid creating dangerous situations by walking, catching a cab, or riding home with a designated driver rather than driving while intoxicated." *Id.* As we noted in *Stephens*, the recent timing of the amendment leaves us with little precedent concerning the new language. *Id.*

In *Williams v. State*, another panel of this Court affirmed the defendant's conviction under the amended version of the statute, where police officers had to forcibly escort the intoxicated defendant out of the street after he belligerently refused the officers' orders to move onto the sidewalk. 989 N.E.2d 366, 370-71 (Ind. Ct. App. 2013). The *Williams* court found this evidence sufficient to establish that Williams "endangered himself or others, breached the peace, or harassed, annoyed, or alarmed another person." *Id.* at 371.

---

[1] "'Intoxicated' means under the influence of … alcohol … so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86. A gas station is a public place. *Fought v. State*, 898 N.E.2d 447, 450-51 (Ind. Ct. App. 2008).

4

In *Stephens*, we found the evidence insufficient to support a public intoxication conviction where the defendant was initially in a private place (home) where he had every right to be intoxicated, and he had walked to a public place (convenience store) to extricate himself from an unsafe situation at home and to call the police for help. *Id*. at 3. Although he was admittedly intoxicated and in a public place, the evidence was insufficient to establish that he endangered himself or others, that he harassed, annoyed, or alarmed others, or that he breached or was in imminent danger of breaching the peace. *Id*. Instead, he avoided a potential breach of the peace by alerting the police rather than returning home.

In *Naas*, another panel of this Court found the evidence sufficient to sustain the defendant's public intoxication conviction where he exhibited signs and behaviors indicative of intoxication but also was calm and compliant when placed in custody. 2013 WL 4105231, at *2. The evidence most favorable to the conviction indicated that he had red, watery eyes, slurred speech, unsteady balance, and smelled of alcohol and that a half-empty bottle of whiskey was found in the vehicle next to where he stood. *Id*. With respect to the new element of "alarm" or "breach of the peace," the *Naas* court held that the evidence most favorable to the conviction was sufficient to show "alarm" where the defendant yelled at two people and they backed away from him. *Id*.

Thang first challenges the State's assertion that the evidence is sufficient to establish that he "alarmed" the cashier.[2] Notably, the cashier did not testify at Thang's bench trial, and the only evidence admitted concerning the cashier was Officer Agresta's testimony that the cashier waited on Thang, discerned that he was intoxicated, and alerted the officer as such. Tr. at 6. There was no evidence that the cashier was alarmed or afraid. Rather, she simply alerted the officer concerning Thang's condition. This does not amount to "alarm" for purposes of the statute.

Thang also contends that the evidence is insufficient to support a finding that he endangered himself or others by driving to the gas station while intoxicated.[3] Officer Agresta testified that he did not see Thang drive his vehicle to the gas station and that he did not know how Thang got there. *Id*. at 9, 13. He was the only witness to testify at the trial. The only person present at the scene who may have been in a position to see who drove the

---

[2] With respect to the element of "alarm," we acknowledge the very recent decision of *Holbert v. State*, 49A05-1302-CR-54, 2013 WL 5530681 (Ind. Ct. App. Oct. 8, 2013). There, a woman alerted police concerning an unknown man who had twice crossed her yard, then entered her neighbor's garage, and then walked down a public street. *Id*., slip op. at 2. When police found the man walking down the street and stopped him, he showed signs of intoxication. *Id*. at 3. The man, Holbert, was convicted of public intoxication, and on appeal, another panel of this Court found the evidence insufficient to support his conviction. Although the *Holbert* court addressed the "alarm" element contained in the revised statute, the finding of insufficiency in that case turned on *where* the intoxicated person was when he engaged in the behavior that alarmed another person, not on *what* constitutes alarm in the first place. *See Id*. at 9. ("The behavior that alarmed [the woman] occurred while Holbert was on private property, not public property.").

[3] In examining the question of whether Thang endangered his or another person's life, we reiterate that we have little guidance concerning what constitutes endangerment under the newly revised public intoxication statute. We can gain some insight from cases involving charges of class A misdemeanor operating while intoxicated ("OWI"), which also requires a showing of endangerment. *See* Ind. Code § 9-30-5-2(b) ("An offense [of operating a vehicle while intoxicated] is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person."). In these OWI cases, "endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009), *adopted by* 929 N.E.2d 198 (Ind. 2010).

6

vehicle to the station was the cashier, and she was not called to testify at trial. Because Officer Agresta arrested Thang at the gas station and had his vehicle towed, he likewise had no evidence that Thang would endanger people by driving away, i.e., the officer did not see Thang drive the vehicle to the station, nor did he see him attempt to re-enter the vehicle or attempt to drive away. Instead, the officer testified that he ran a license plate check and determined that Chang was the registered owner of the vehicle that had arrived at the gas station while the officer was inside the restroom. Tr. at 8. He further testified that Thang had the keys to the vehicle in his possession. *Id*. at 9. Simply put, this evidence was insufficient to establish that the inebriated Thang drove his vehicle. As such, he cannot be said to have endangered himself or others.

Based on the foregoing, we conclude that the evidence is insufficient to support Thang's conviction for public intoxication. Accordingly, we reverse.

Reversed.

BARNES, J., and PYLE, J., concur.

7