**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 31 2014, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUSTIN STEPHENS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1312-CR-598 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick Murphy, Commissioner
Cause No. 49F07-1211-CM-79684

July 31, 2014

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Justin Stephens appeals his conviction for class B misdemeanor public intoxication.[1] While Stephens does not challenge the sufficiency of the evidence demonstrating that he was in public or that he met one of the conduct elements under Indiana Code section 7.1-5-1-3(a), he argues that the evidence presented by the State is insufficient to prove that he was intoxicated. Notwithstanding his contention, Stephens demonstrated classic signs of intoxication including red, bloodshot eyes, unsteady balance, and slurred speech when Officer Scott Hartman arrived at the bar. Further, Stephens's belligerent conduct prior to the officer's arrival is consistent with intoxication. Thus, we conclude that the evidence is sufficient to prove public intoxication, and we affirm the judgment of the trial court.

## FACTS

On November 23, 2013, Stephens was drinking at the Monkey's Tale Bar in Broad Ripple. The bar's general manager, Mark Rosenau, testified that when he walked into the bar to work his shift that evening, he observed Stephens standing near the bathroom with an area rug belonging to the bar under his arm. It appeared to Rosenau that Stephens had ripped the rug from the floor. When Rosenau asked Stephens to put down the rug and leave, Stephens asked him why. Rosenau said Stephens then dropped the rug but refused to leave the bar. Rosenau told Stephens at least ten times that Stephens had to leave the bar and threatened to call the police if Stephens did not comply.

---

[1] Ind. Code §7.1-5-1-3(a).

According to Rosenau, Stephens's "language became a little bit more colorful at that point… to the effect of… 'F-off.'" Tr. p. 9-10. Rosenau claims that Stephens then punched him in the groin. In response, Rosenau grabbed Stephens by the shoulders and forced him out of the bar. The two men struggled and fell. Rosenau explained that Stephens fell onto the landing, passed out, and began to snore. Rosenau then turned Stephens on his side and waited with him until the police arrived.

When Officer Hartman arrived at the Monkey's Tale Bar, he awakened Stephens, who was asleep on the landing. Officer Hartman tried to get Stephens to stand up, but Stephens could not stand on his own. Officer Hartman believed this was because Stephens was intoxicated. Officer Hartman also observed that Stephens had "red bloodshot eyes . . . unsteady balance, slurred speech . . . and he . . . couldn't talk and tell [the officer] what was going on." Tr. p. 26. Officer Hartman called an ambulance and arrested Stephens for class A misdemeanor battery, class A misdemeanor trespass, and class B misdemeanor public intoxication. At a bench trial, the judge found Stephens not guilty of battery or trespass but guilty of public intoxication. The trial court sentenced Stephens to the Marion County Jail for a suspended sentence of 180 days and ordered him to complete fifty hours of community service and to stay away from the Monkey's Tale Bar.

Stephens now appeals.

## DISCUSSION AND DECISION

When reviewing challenges to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Bond v. State, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), trans. denied. Rather, we consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. Id. Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. Id.

In 2012, the General Assembly amended Indiana's public intoxication statute, which now provides that:

> [I]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance. . . if the person:
>
> > (1) endangers the person's life;
> > (2) endangers the life of another person;
> > (3) breaches the peace or is in imminent danger of breaching
> >     the peace; or
> > (4) harasses, annoys, or alarms another person.

Ind. Code §7.1-5-1-3(a). Thus, the State is required to prove that Stephens was in a public place in a state of intoxication and that he met one of the four conduct elements.

Here, Stephens's sole argument is that there is insufficient evidence of his intoxication. Specifically, Stephens claims that he only had one beer at the bar and maintains that his symptoms were simply the effects of a head injury. Appellant's Br. p. 7.

4

Indiana Code section 9-13-2-86 defines "intoxicated" as "under the influence of … alcohol … so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties."  This Court has previously determined that impairment can be established by evidence of: (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech.  Naas v. State, 993 N.E.2d 1151, 1153 (Ind. Ct. App. 2013).  Belligerence is also a sign of intoxication.  See Wells v. State, 848 N.E.2d 1133, 1146 (Ind. Ct. App. 2006).

The evidence most favorable to conviction demonstrates that Stephens admitted to drinking at the Monkey's Tale Bar.  Further, Officer Hartman believed Stephens was intoxicated because Stephens had red, bloodshot eyes, unsteady balance, slurred speech, and he smelled like alcohol.  Tr. p. 26, 28-31.  Stephens's conduct prior to the officer's arrival also suggests that he was intoxicated.  Stephens was belligerent in the bar: He refused to leave, swore at Rosenau, and punched Rosenau in the groin.  Tr. p. 8-12.  These facts provide sufficient evidence of intoxication.  Stephens's assertions to the contrary are an invitation to reweigh the evidence and judge the credibility of the witnesses, which we cannot do.

Thus, we affirm the judgment of the trial court.

KIRSCH, J., and ROBB, J., concur.

5