**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TAYLOR CANNADY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1402-CR-81 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Collins, Special Judge
Cause No. 49F07-1309-CM-59534

**November 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Taylor Cannady appeals his conviction of Class C misdemeanor operating a vehicle while intoxicated.[1] He claims the evidence was insufficient to support that conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY

Around 1:50 a.m. on September 8, 2013, Officer Jeffery Gray of the Lawrence Police Department initiated a traffic stop of a vehicle with only one operational headlight. When Officer Gray approached the driver's door, he smelled both the odor of alcoholic beverage and of burnt marijuana. He noted the driver, Cannady, had slurred speech, alcohol on his breath, and bloodshot eyes. In addition, he could see in plain view two empty alcohol beverage containers. Officer Gray asked Cannady to exit the car and perform field sobriety tests. Cannady failed both the horizontal gaze nystagumus test and the one leg stand. Officer Gray read the Implied Consent Law to Cannady, who refused to take a Breathalyzer test. Officer Gray then requested a search warrant for the collection of Cannady's blood and, when he had the warrant, transported Cannady to Wishard Hospital for the collection. The blood test indicated Cannady's blood alcohol level was ".067 grams of alcohol per 100 milliliters of his blood." (Tr. at 16.)

The State charged Cannady with Class C misdemeanor operating a vehicle while intoxicated, Class A misdemeanor driving while suspended with a prior suspension,[2] and an infraction for driving without the proper number of lamps.[3] Following a bench trial, the court

---

[1] Ind. Code § 9-30-5-2(a).
[2] Ind. Code § 9-24-19-2.
[3] Ind. Code § 9-21-7-3.

convicted Cannady of all three charges.

## DISCUSSION AND DECISION

We review a claim of insufficient evidence without reweighing the evidence or assessing the credibility of the witnesses. *Naas v. State*, 993 N.E.2d 1151, 1152 (Ind. Ct. App. 2013). We consider only the evidence favorable to the judgment and the reasonable inferences to be drawn therefrom, and we affirm if the evidence and inferences would allow reasonable persons to find substantial evidence of probative value as to each material element of the offense. *Id*.

Cannady challenges only his Class C misdemeanor conviction of "operat[ing] a vehicle while intoxicated." Ind. Code § 9-30-5-2(a).

> "Intoxicated" means under the influence of:
> (1) alcohol;
> (2) a controlled substance (as defined in IC 35-48-1);
> (3) a drug other than alcohol or a controlled substance;
> (4) a substance described in IC 35-46-6-2 or IC 35-46-6-3;
> (5) a combination of substances described in subdivisions (1) through (4); or
> (6) any other substance, not including food and food ingredients (as defined in IC 6-2.5-1-20), tobacco (as defined in IC 6-2.5-1-28), or a dietary supplement (as defined in IC 6-2.5-1-16);
> so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties.

Ind. Code § 9-13-2-86. "Impairment can be established by evidence of: (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." *Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied*.

3

Officer Gray explained:

> I walked to the vehicle, I made contact with him and uh, upon making contact with him, I detected uh, the odor of an alcoholic beverage on his breath/and or person. He had red, bloodshot eyes and while I was talking with him, slurred speech. Also, while at that door, I could smell the odor of uh, what I knew through my experience to be marijuana.

(Tr. at 9.) Cannady admitted he had consumed "a couple of drinks" at a bar down the street. (*Id*. at 20.) Officer Gray could see a box of Budweiser cans, an empty Coors Light can or bottle, and another empty alcohol beverage container. Officer Gray then administered two field sobriety tests – the horizontal gaze nystagumus test and the one leg stand – and Cannady failed both. That evidence was sufficient to permit a trier of fact to find Cannady was intoxicated. *See Beasey v. State*, 823 N.E.2d 759, 762-63 (Ind. Ct. App. 2005) (finding sufficient evidence of intoxication where defendant had glassy, red eyes, slurred his words, had an odor of alcohol on his breath, leaned on the police car, and failed field sobriety tests).

Nevertheless, Cannady asserts we should reverse his conviction because the State did not present any evidence that he "was driving the vehicle in an improper manner that morning." (Appellant's Br. at 8.) Contrary to Cannady's assertion, his Class C misdemeanor conviction did not require evidence of improper driving. *See* Ind. Code § 9-30-5-2(a) (requiring only that a person "operates a vehicle while intoxicated"). Rather, had Cannady been engaged in the kinds of driving errors he lists – "swerving, crossing of center line, or accident involving [his] driving," (Appellant's Br. at 8) – the State arguably could have charged him with Class A misdemeanor operating while intoxicated "in a manner that endangers a person." Ind. Code § 9-30-5-2(b).

4

Amongst the reasons his conviction should be overturned, Cannady notes his blood alcohol level was ".067 grams of alcohol per 100 milliliters of his blood." (Tr. at 16.) The State did not charge Cannady with a crime that required proof that his blood alcohol level reached a certain amount, *cf.* Ind. Code § 9-30-5-1 (defining Class C misdemeanor driving with blood alcohol concentration greater than .08 grams per 100 milliliters of blood). Furthermore, our legislature has provided that "an alcohol concentration equivalent to at least five-hundredths (0.05) gram, but less than eight-hundredths (0.08) gram of alcohol per . . . one hundred (100) milliliters of the person's blood" is "[r]elevant evidence of intoxication." Ind. Code § 9-13-2-151. Thus, Canady's blood alcohol content of .067 percent does not persuade us to overturn his conviction.[4]

Finally, Cannady claims we should not find any relevance in his failure of the one leg stand because he "informed the officer that he had an injured leg that would prohibit him from performing" the one leg stand. (Appellant's Br. at 7.) Officer Gray testified that Cannady reported he had been shot in the leg, which would make the balance test impossible, so Officer Gray "told him he could choose whichever leg he, he wanted." (Tr. at 21.) Officer Gray also noted that not only could Cannady not maintain his balance, but he was also unable to count accurately to thirty as he stood on one leg. We decline to review the Officer's credibility or reweigh the evidence. *See Naas*, 993 N.E.2d at 1152 (setting out standard of review).

---

[4] We also note Cannady's blood draw did not occur for approximately 105 minutes after the initiation of the traffic stop, during which time his body would have continued to process the alcohol in his system.

As all of Cannady's arguments fail, we affirm his conviction of Class C misdemeanor operating a vehicle while intoxicated.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.