## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 11 2017, 6:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine M. Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Zachary Poteet,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 11, 2017

Court of Appeals Case No.
49A02-1606-CR-1196

Appeal from the Marion Superior Court.
The Honorable Ronnie Huerta, Commissioner.
Cause No. 49G19-1602-CM-7786

**Barteau, Senior Judge**

# Statement of the Case

Zachary Poteet appeals his conviction of public intoxication, a Class B misdemeanor.[1] We affirm.

# Issue

Poteet raises one issue, which we restate as: whether the evidence is sufficient to sustain his conviction.

# Facts and Procedural History

In the early morning hours of February 27, 2016, Officers Alexandra Lowcher and Keith Cutcliff of the Indianapolis Metropolitan Police Department were dispatched to an apartment complex in Marion County to investigate a reported assault. The officers encountered several individuals, including Poteet, outside an apartment building. The officers arrested Poteet after interacting with him and further investigating the scene.

The State charged Poteet with two counts of public intoxication and several other charges. At a bench trial, the State dismissed the other charges. The trial court determined Poteet was guilty of one count of public intoxication and not guilty of the other. This appeal followed.

---

[1] Ind. Code § 7.1-5-1-3 (2012).

# Discussion and Decision

[5] Poteet claims the State failed to prove all of the elements of the offense of public intoxication. The State responds that the evidence was sufficient to sustain the judgment. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor reexamine witness credibility. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016). We consider only the evidence and reasonable inferences supporting the judgment. *Id.* Reversal is appropriate only when a reasonable person would not be able to form inferences as to each material element of the offense. *Naas v. State*, 993 N.E.2d 1151, 1152 (Ind. Ct. App. 2013).

[6] To obtain a conviction of public intoxication as a Class B misdemeanor as charged, the State was required to prove beyond a reasonable doubt that Poteet (1) was found in a public place or a place of public resort (2) in a state of intoxication (3) caused by the use of alcohol or a controlled substance (4) while harassing, annoying, or alarming (5) the officers. Ind. Code § 7.1-5-1-3(a)(4). Poteet focuses on the element of harassing, annoying, or alarming another person, conceding that he was intoxicated in a public place. Whether a defendant's conduct rises to the level of being harassing, annoying, or alarming is determined from the perspective of a reasonable person. *See Morgan v. State*, 22 N.E.3d 570, 577 (Ind. 2014).

[7] In *Brown v. State*, 12 N.E.3d 952, 954-55 (Ind. Ct. App. 2014), *trans. denied*, a panel of this Court concluded there was sufficient evidence that the defendant

harassed, annoyed, or alarmed another person where the defendant ran into a woman on the sidewalk and kept moving while she yelled at him. In *Naas*, 993 N.E.2d at 1153, a panel of this Court concluded there was sufficient evidence that the defendant harassed, annoyed, or alarmed another person where the defendant was agitated and yelling, and he advanced toward other people in an aggressive manner, causing them to back away. Finally, in *Williams v. State*, 989 N.E.2d 366, 370-71 (Ind. Ct. App. 2013), the defendant repeatedly refused to comply with officers' requests to get out of the street and was belligerent to the officers, and this conduct was deemed sufficient to support a conviction for public intoxication.

By contrast, in *Morgan*, our Supreme Court determined there was insufficient evidence that the defendant harassed, annoyed, or alarmed another person where he was sleeping in a bus stop and acted agitated when an officer awakened him. 22 N.E.3d at 579. In addition, in *Milam v. State*, 14 N.E.3d 879, 882 (Ind. Ct. App. 2014), a panel of this Court reversed a conviction for public intoxication, concluding the defendant's cursing and arguing with a companion "in a loud tone" while they sat in a car was insufficient proof that he harassed, annoyed, or alarmed another person.

In the current case, Officers Lowcher and Cutcliff arrived at the apartment complex in the early morning hours of March 27, 2016, to investigate a reported assault. They saw Poteet walk around the side of a building and out of their sight. Other people indicated that he had been involved in the situation

that had led to the police being called. Officer Lowcher followed Poteet around the corner.

[10] Officer Lowcher noted that Poteet was not wearing shoes and his belt and pants were undone. She asked him to walk toward her, and she "had to tell him to stop. Cause [sic] he was kind of rushing on a little bit." Tr. p. 23. His hands were "clenched" and he seemed "aggressive." *Id*. at 24. When Officer Lowcher asked him why his pants were undone, Poteet said "he was attempting to urinate on the side of the building." *Id.* at 23. She handcuffed Poteet, escorted him to the front of the building, and had him sit on a curb.

[11] Once Poteet was seated on the curb, he became "belligerent" and "insulting, cursing the entire time." *Id*. at 9. "He would ask [the officers] the same questions over and over. And if he wasn't happy with the answer he would begin yelling and cursing." *Id.* Poteet yelled loudly enough that the noise could be heard across the parking lot. He was "rather confrontational" throughout his encounter with the officers, displaying an "abusive attitude" and an "argumentative nature." *Id*. at 9, 11. He called the officers "very colorful names" and "just was altogether uncooperative." *Id.* at 23-24. The officers arrested Poteet after further investigation inside the apartment building.

[12] The facts of Poteet's case are closer to the circumstances in *Brown, Naas*, and *Williams* than the circumstances in *Morgan* and *Milam*. Poteet moved toward Officer Lowcher in an aggressive manner, much like the defendants in *Naas* and *Brown*. In addition, Poteet verbally abused the officers, similar to the defendant

in *Williams*. The abuse was extensive and lasted for several minutes. This is sufficient evidence from which the trial court could have concluded beyond a reasonable doubt that Poteet harassed, annoyed or alarmed the officers.

# Conclusion

For the foregoing reasons, we affirm Poteet's conviction of public intoxication.

Affirmed.

Robb, J., and Crone, J., concur.