## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 20 2020, 9:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Talisha Griffin
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sam M. McFarland,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 20, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2585<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Mark F. Renner, Magistrate<br><br>Trial Court Cause No.<br>49G18-1808-F6-25985 |

**Mathias, Judge.**

[1] Following a bench trial in Marion Superior Court, Sam M. McFarland was convicted of Level 6 felony operating a vehicle while intoxicated ("OWI") and

Class A misdemeanor resisting law enforcement. McFarland appeals and claims that the State failed to present evidence sufficient to support his conviction for Level 6 felony OWI.

[2] We affirm.

## Facts and Procedural History

[3] In the wee hours of July 28, 2018, Commander Jerry Leary ("Commander Leary") of the Indianapolis Metropolitan Police Department ("IMPD") was in his patrol car in downtown Indianapolis working as a "DUI officer." Tr. p. 5. Commander Leary saw a maroon Dodge Ram pickup truck traveling south on Pennsylvania Street make a sudden lane change, but the driver's-side tires remained on the left side of the lane divider. This caught Commander Leary's attention, and he began to follow the truck.

[4] The pickup truck continued south and reached where Pennsylvania Street merges into Madison Avenue and goes under a railroad overpass. At the overpass, the street lanes are separated by large concrete abutments. The driver of the pickup truck, later identified as McFarland, failed to keep the vehicle in one lane, crossing the white line that separated the lanes. The driver also slowed down, braked, released the brakes, then braked again as he approached the abutments. McFarland almost ran into an abutment but swerved into the appropriate lane and drove under the overpass.

[5] Commander Leary activated the emergency lights in his patrol car to initiate a traffic stop. McFarland continued to drive for approximately two and one-half

blocks before pulling over to the side of the street. Commander Leary approached the driver's side of the vehicle and asked McFarland for his driver's license. McFarland stated, "[L]ook man. This is going to get me in a lot of trouble. Can I just – can you just let me walk home, you know, can I park my truck? Can I get somebody to come pick me up?" Tr. p. 15. Commander Leary responded, "Let's just get your driver license and if things go [the] right way, then of course you can go home." *Id*. As McFarland searched for his identification, still mumbling that he was going to be in trouble, Commander Leary detected the odor of alcohol coming from McFarland. He also saw that McFarland's eyes were glassy and bloodshot and that McFarland's speech was slurred. Eventually, McFarland produced an Indiana identification card instead of a driver's license. Commander Leary ran McFarland's information through the computer in his patrol car and learned that McFarland's driver's license was suspended.

[6] Commander Leary returned to the truck, which was still running. McFarland reached up to grab the gear shift and asked if he could just go home. Leary told McFarland that he could not do that, and eventually reached into the truck himself to turn off the engine and remove the keys from the ignition. He also called for a backup officer.

[7] When the backup officer arrived, Commander Leary informed her that he was going to conduct field sobriety tests on McFarland. But when he looked back at the truck, McFarland had exited the vehicle and was standing on the sidewalk. Commander Leary reminded McFarland that he still had his identification card

and warned him not to flee. But when Commander Leary told McFarland that he was going to be placed under arrest, McFarland took off on foot, running south on Madison Avenue. McFarland continued to flee with the officers running after him. The officers eventually lost track of McFarland and set up a perimeter and called in K9 officers for assistance. Still, McFarland successfully, if only temporarily, eluded the police. The police had McFarland's truck towed to an impound lot.

[8] The following day, McFarland reported that his truck had been stolen. IMPD Officer Eric Kenney ("Officer Kenney") went to McFarland's home in response to the stolen vehicle report. Officer Kenney explained to McFarland that his truck had been towed and was in the impound lot. Officer Kenney did not arrest McFarland at that time.

[9] On August 8, 2018, the State charged McFarland with Class A misdemeanor resisting law enforcement and Class A misdemeanor OWI endangering a person. The State also alleged that McFarland had a prior conviction for OWI, elevating the current offense to a Level 6 felony. After a bench trial held on August 28, 2019, the trial court found McFarland guilty as charged. The court also found that McFarland had a prior conviction for OWI and entered judgment on the OWI charge as a Level 6 felony. McFarland now appeals.

## Standard of Review

[10] Upon review of a challenge to the sufficiency of the evidence to support a criminal conviction, we respect the fact-finder's exclusive province to weigh

conflicting evidence. *Miller v. State*, 106 N.E.3d 1067, 1073 (Ind. Ct. App. 2018) (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)), *trans. denied*. We therefore neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* Instead, we consider only the probative evidence and reasonable inferences supporting the judgment. *Id.*

[11] McFarland argues that the evidence was insufficient to support his convictions because the evidence supported a reasonable theory of innocence. This, however, is not the proper standard of review. To be sure, if the evidence establishing the *actus reus* of an offense is entirely circumstantial, the trial court must instruct the jury that: "in determining whether the guilt of the accused is proven beyond a reasonable doubt, you should require that the proof be so conclusive and sure as to exclude every reasonable theory of innocence." *Hampton v. State*, 961 N.E.2d 480, 491 (Ind. 2012).

[12] But our supreme court has long held that this "reasonable theory of innocence" standard is "not applicable to appellate review for sufficiency of evidence." *Ogle v. State*, 698 N.E.2d 1146, 1149 (Ind. 1998) (emphasis added); *see also Myers v. State*, 532 N.E.2d 1158, 1159 (Ind. 1989) ("[E]xclusion of every reasonable hypothesis of innocence is not the proper appellate standard of review in sufficiency matters[.]"). Instead, "[a]n appellate claim of insufficient evidence will prevail if, considering the probative evidence and reasonable inferences that support the judgment, and without weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could find the defendant

guilty beyond a reasonable doubt." *Ogle*, 698 N.E.2d at 1149. It is with this deferential standard that we review McFarland's claims.

## Discussion and Decision

[13] McFarland challenges the sufficiency of the evidence supporting his conviction for Level 6 felony OWI.[1] The statute defining this offense provides:

> (a) Except as provided in subsection (b), a person who operates a vehicle while intoxicated commits a Class C misdemeanor.
>
> (b) An offense described in subsection (a) is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person.

Ind. Code § 9-30-5-2. Further, "a person who violates section 1 or 2 of [Indiana Code chapter 9-30-5] commits a Level 6 felony if . . . the person has a previous conviction of operating while intoxicated that occurred within the seven (7) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter." Ind. Code § 9-30-5-3

[14] Thus, to prove that McFarland committed Level 6 felony OWI as charged, the State was required to establish that he operated a vehicle while intoxicated, that his operation endangered a person, and that he had a prior conviction for OWI within the seven years prior to his commission of the instant offense. McFarland does not deny that he has a prior conviction for OWI within seven

---

[1] McFarland does not challenge the sufficiency of the evidence supporting his conviction for resisting law enforcement.

years of the instant offense. But he claims that the State failed to prove that he was intoxicated or that he endangered a person.

[15] With regard to the requirement of intoxication, Indiana Code section 9-13-2-86 defines "intoxicated" as "under the influence of . . . alcohol . . . so that there is an **impaired** condition of thought and action and the loss of normal control of a person's faculties." (emphasis added). In turn, "impairment" can be established by evidence of:

> (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech.

*Naas v. State*, 993 N.E.2d 1151, 1153 (Ind. Ct. App. 2013) (citing *Vanderlinden v. State,* 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), trans. denied).

[16] In the present case, the State presented evidence that McFarland was driving erratically. When Commander Leary pulled the truck over and approached the vehicle, McFarland smelled of alcohol, had glassy, bloodshot eyes and slurred speech, and did not heed the officer's instructions. This is sufficient to establish that McFarland was intoxicated. *See id.* (holding that evidence was sufficient to prove that defendant was intoxicated where he had "red watery eyes, slurred speech, unsteady balance and had the odor of an alcoholic beverage upon his person," and there was an empty liquor bottle in the vehicle); *Staley v. State,* 895 N.E.2d 1245, 1251 (Ind. Ct. App. 2008) (holding that evidence was sufficient to prove that defendant was intoxicated where defendant smelled strongly of

alcohol and had bloodshot eyes, slurred speech, and difficulty with coordination and balance), *trans. denied*.

[17] McFarland's argument that there were innocent explanations for his appearance and conduct—that he was driving erratically because of the poor road conditions and bad lighting, and that his eyes were bloodshot because of allergies or lack of sleep—are nothing more than a request that we reweigh the evidence and come to a conclusion other than that reached by the trial court, which we will not do. Considering the evidence favorable to the trial court's judgment, and the reasonable inferences that can be drawn from this evidence, we conclude that the State presented sufficient evidence to establish that McFarland was intoxicated.

[18] We reach a similar conclusion regarding McFarland's argument that there was no evidence that his driving while intoxicated endangered a person. We have explained before that:

> The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant. Endangerment does not require that a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction.

*Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009) (citing *Staley*, 895 N.E.2d at 1249), *opinion adopted*, 929 N.E.2d 196 (Ind. 2010).

Here, there was evidence that McFarland drove erratically and failed to keep his vehicle in one lane. As he approached the overpass and concrete abutments, he slowed down, braked, released the brake, then braked again. McFarland avoided hitting an abutment only by swerving back into a lane. From this evidence, the trial court could reasonably conclude that McFarland operated his vehicle in a manner that could have endangered himself or another driver. *See Staley*, 895 N.E.2d at 1251 (holding that evidence was sufficient to prove that defendant's drunk driving endangered a person where the arresting officer observed the defendant drive unsafely by speeding and driving with his headlights off). McFarland's arguments to the contrary are nothing more than a request that we reweigh the evidence

# Conclusion

The State presented evidence sufficient to support McFarland's conviction for Level 6 felony OWI endangering a person. Accordingly, we affirm the judgment of the trial court.

Affirmed.

Riley, J., and Tavitas, J., concur.