**Alisha VANDERLINDEN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0905–CR–417.**

Court of Appeals of Indiana.

Dec. 18, 2009.

Elizabeth Gabig, Marion County Public Defender Agency Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez, II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Alisha Vanderlinden appeals her conviction for Class A misdemeanor operating while intoxicated ("OWI"). We affirm.

### Issue

The single issue before us is whether there was sufficient evidence to support Vanderlinden's conviction.

### Facts

The evidence most favorable to the conviction indicates that on February 12, 2009, Vanderlinden was driving her car in excess of the posted speed limit and was stopped by Indiana State Trooper Ahmad Hafez, who timed the speed of Vanderlinden's vehicle at fifty-one miles per hour in a thirty-five mile per hour zone. During the traffic stop, the officer noted the smell of alcohol on Vanderlinden's breath and redness in her eyes. After issuing a warning for speeding, the officer asked Vanderlinden if she had been drinking alcohol, and she admitted consuming some alcohol that evening but did not specify, nor did the officer clarify, how much.

Upon obtaining her consent, Trooper Hafez administered one field sobriety test to Vanderlinden, the horizontal gaze nystagmus (HGN) test, which she failed. A portable breath test also was administered. The test indicated the presence of alcohol but did not yield a quantifiable reading due to Vanderlinden's asthmatic condition. Because Vanderlinden was recovering from a sprained ankle and limping noticeably, the officer declined to conduct other standard sobriety tests. Vanderlinden was charged with OWI as a Class A misdemeanor and public intoxication as a Class C misdemeanor. On April 14, 2009, after a bench trial the court found Vanderlinden guilty on both counts and merged the public intoxication conviction with the OWI conviction. Vanderlinden now appeals.

### Analysis

Vanderlinden asserts that the trial court erred by finding that the record contained sufficient evidence to support a conviction for Class A misdemeanor OWI. When reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We may look only to the evidence most favorable to the judgment and reasonable inferences therefrom and will affirm if we conclude that evidence of probative value exists such that a reasonable fact finder could find the elements of the underlying crime proven beyond a reasonable doubt. *Id.* To convict Vanderlinden of OWI as a Class A misdemeanor, the State had to prove beyond a reasonable doubt that Vanderlinden "operate[d] a vehicle while intoxicated ... in a manner that endangere[d] a person." Ind.Code § 9–30–5–2(b).

Vanderlinden asserts that the State failed to prove that she was intoxicated or that she endangered anyone while operating her vehicle. Indiana Code Section 9–13–2–86 defines intoxication in part as being under the influence of alcohol such "that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." The State was required to establish that Vanderlinden was impaired, regardless of her blood alcohol content. *Fields v. State*, 888 N.E.2d 304, 307 (Ind.Ct.App.2008). Impairment can be established by evidence of: (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech. *Id.*

The evidence presented by the State demonstrated that Vanderlinden admitted consuming some alcohol that evening, that the officer smelled alcohol on her breath during the traffic stop, that the officer noted her eyes appeared red, and that she failed the one field sobriety test administered by the officer. Although Vanderlinden argues that red eyes and the smell of alcohol are consistent with consumption of any amount of alcohol, when coupled with the failed field sobriety test, these facts provide sufficient evidence of intoxication. Vanderlinden's assertions to the contrary are an invitation to reweigh the evidence, which we cannot do.

Vanderlinden also alleges that the State failed to prove the element of endangerment as necessary to elevate the conviction from Class C to Class A misdemeanor OWI. The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant. *Staley v. State*, 895 N.E.2d 1245, 1249 (Ind.Ct.App.2008) (citing *Blinn v. State*, 677 N.E.2d 51, 54 (Ind.Ct.App.1997)). Endangerment does not require that a person other than the defendant be in the path of the defendant's vehicle or in the same area to ob-

tain a conviction. *Id.* at 1251 (citing *State v. Krohn,* 521 N.E.2d 374, 377 (Ind.Ct. App.1988)).

To prove endangerment, the State presented evidence that Vanderlinden was speeding and that she was intoxicated. The State carried its burden to prove intoxication. Nonetheless, the State cannot claim that this same evidence proves the additional element of endangerment. In 2001, the Legislature substantially altered the OWI statutes by redefining intoxication and establishing two separate misdemeanor classes for operating a vehicle while intoxicated. I.C. § 9–13–2–86; P.L. 175–2001 § 1 (eff. July 1, 2001); I.C. § 9–30–5–2; P.L. 175–2001 § 6 (eff. July 1, 2001). The effect of these changes was to remove the "endangerment" requirement from the general definition of intoxication and create the new offense of Class C misdemeanor OWI without an endangerment requirement. The statutes retained the Class A misdemeanor OWI offense, which requires a showing of endangerment. Indiana Code Section 9–30–5–2(b) now states, "An offense described in subsection (a) is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person." By definition the statute requires more than intoxication to prove endangerment.

To the extent that our decisions have suggested that a showing of intoxication without more is adequate to prove endangerment, the amended statutes supplant those holdings. For example, the State cites *Slate v. State,* 798 N.E.2d 510, 515 (Ind.Ct.App.2003), for the proposition that endangerment "indicates the level of impairment and the extent of lost faculties that must be shown to establish intoxication and to obtain a conviction." This definition of endangerment conflates it with intoxication. Moreover, *Slate* acknowledged that *"under the pre 2001 statutory scheme,* we have held that proof that the defendant's condition rendered operation of the vehicle unsafe is sufficient to establish the endangerment element of the offense." *Id.* (emphasis added) (citing *State v. Rans,* 739 N.E.2d 164, 168 (Ind.Ct. App.2000)). Moreover, *Slate* references *Krohn* and a line of cases that pre-date the 2001 statutory amendments for its assertion that endangerment can be established by showing that the defendant's condition (i.e., intoxication) could have endangered any person. *See, e.g., Weaver v. State,* 702 N.E.2d 750 (Ind.Ct.App.1998); *State v. Rans,* 739 N.E.2d 164 (Ind.Ct.App.2000); *Kremer v. State,* 643 N.E.2d 357 (Ind.Ct. App.1994); *Blinn v. State,* 677 N.E.2d 51 (Ind.Ct.App.1997).

*Slate* involved a challenge to a jury instruction that defined endangerment in reference to the defendant's impaired condition. *Slate,* 798 N.E.2d at 514. Because the instruction was focused on Class A misdemeanor OWI, we found that it did not misstate the law and rejected the appellant's argument. *Id.* at 516. Consequently, *Slate* held, "The element of endangerment is still appropriate for determining the offense of operating a vehicle while intoxicated as a Class A misdemeanor." *Id.* Though true, this holding does not address whether evidence of intoxication by itself can establish endangerment.

More recent decisions have noted the distinction in the revised statutes and the evidence needed to establish endangerment. For instance, in *Wells v. State,* 848 N.E.2d 1133, 1147 (Ind.Ct.App.2006), *trans. denied, cert. denied,* we clarified that "[t]he argument could be made that driving a vehicle while intoxicated always endangers someone. However, it might not always be possible to prove such endangerment beyond a reasonable doubt to a fact-finder's satisfaction . . . ." Thus, we hold that the State is required to submit proof of "endangerment" that goes beyond

mere intoxication to obtain a conviction for Class A misdemeanor OWI. *See Outlaw v. State,* No. 49A02–0904–CR–340, 918 N.E.2d 379 (Ind.Ct.App. Dec. 18, 2009) (holding the same).

Although the only independent evidence of endangerment presented by the State was Vanderlinden's warning for speeding, that evidence is sufficient to support the conviction. For example, in *Boyd v. State,* 519 N.E.2d 182, 184 (Ind.Ct.App. 1988), we held that speeding "alone demonstrate[d] impaired judgment and ability of such a nature as to endanger others," despite a lack of external signs of intoxication such as slurred speech, lack of dexterity, or failed sobriety tests. *See also Hughes v. State,* 481 N.E.2d 135 (Ind.Ct. App.1985) (observing that defendant was driving in the proper lane, was not weaving, had no speech problems, satisfactorily performed dexterity tests, passed field sobriety tests, and other than speeding exhibited no aberrant driving). Thus, the excessive speed is evidence that Vanderlinden's manner of operating her vehicle could have endangered a person.[1] Accordingly, Vanderlinden's excessive speed, regardless of the driving conditions or her proximity of others, is sufficient to establish endangerment of a person and support her conviction.

### Conclusion

The evidence is sufficient to support Vanderlinden's conviction for Class A misdemeanor OWL We affirm.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.

---

**1.** We decline to determine the precise extent of speeding, in the absence of other factors, necessary to show endangerment. We do conclude here that driving fifty-one miles per hour in a thirty-five mile per hour zone is sufficient.