BRADFORD, Judge,
concurring in result.
I concur with the majority’s conclusion that Sesay’s conviction should be reversed. However, I write separately to clarify that while I believe that the evidence presented at trial was sufficient to show that Sesay was endangered at the time of his arrest, I believe that Indiana Code section 7.1-5-1-3 requires a showing that the endangerment resulted from an affirmative act by Sesay and, in the instant matter, the evidence presented below was insufficient to make such a showing.
Whether the Evidence Is Sufficient to Sustain Sesay’s Conviction for Class B Misdemeanor Public Intoxication
On appeal, Sesay contends that evidence is insufficient to sustain his conviction for Class B misdemeanor public intoxication because the State failed to establish that he endangered his life or the life of another. Indiana Code section 7.1-5-1-3 provides that “it is a Class B misdemeanor for a person to be in a public place ... in a state of intoxication caused by the person’s use of alcohol ... if the person: (1) endangers the person’s life; (2) endangers the life of another person; (3) breaches the peace or is in imminent danger of beaching the peace; or (4) harasses, annoys, or alarms another person.” The general assembly has not defined “endanger” with *487 regard to the public intoxication statute. The Webster’s Third New International Dictionary, however, defines endanger as “to bring into danger or peril of probable harm or loss.” Webster’s Third New International DiCtionary 748 (14th ed. 1961). This definition allows for probable harm or loss and does not require actual harm or loss.
In the instant matter, the parties acknowledge that Sesay was involved in a traffic accident when the vehicle in which he was a passenger went off the road and down into a four or five foot deep ditch. All agree, the driver of the vehicle, who was not Sesay, initially left the scene but returned some time later. Officer Jones testified that when he first encountered Sesay, he was standing approximately three to five feet off of a dark busy city street at approximately 8:00 a.m. Sesay appeared to be very intoxicated, had what looked to be vomit on his shirt, and could barely stand without assistance. The vehicle, next to which Sesay was standing, had gone off the street and into a four to five foot ditch. Officer Jones observed that there was water in the bottom of the ditch. Because I read the definition of endangerment to require only that the individual bring himself or another into danger or peril of probable harm or loss, as opposed to actual harm or loss, I would conclude that the above-stated evidence was sufficient to sustain a determination that Sesay was endangered at the time of his arrest.
However, even though I would conclude that Sesay was endangered at the time of his arrest, I believe that the clear language of Indiana Code section 7.1-5-1-3 requires a showing that the endangerment was caused by some act of the individual who is alleged to have committed public intoxication. Again, Indiana Code section 7.1-5-1-8 provides, in relevant part, that “it is a Class B misdemeanor for a person to be in a public place ... in a state of intoxication caused by the person’s use of alcohol ... if the person ... endangers the person’s life.” (Emphasis added). I believe that the phrase “if the person,” which precedes the phrase “endangers the person’s life,” indicates that the endangerment must be caused by some act of the individual.
In the instant matter, the record is devoid of any evidence pointing to any act committed by Sesay that could be said to have endangered Sesay.[9] Again, the parties all agree that Sesay was a passenger in a vehicle that went off the roadway and down into a four to five foot ditch. The act of driving off the roadway cannot be attributed to Sesay as he was merely a passenger in the vehicle at the time of the incident. Further, the decision to exit a vehicle that had gone off the road and was resting on uneven ground in a water laden ditch seems reasonable and hardly seems like a decision that would justify a finding that Sesay endangered himself.
In addition, the record states that Sesay was standing three to five feet from the roadway when Officer Jones first encountered Sesay. There were no sidewalks along the roadway where Sesay could safely stand while awaiting help, and Officer Jones testified that he did not, at any point, see Sesay enter the street. While I believe that standing along the side of the roadway in his intoxicated state was sufficient to place Sesay in a position of danger of probable harm, the record does not provide any other reasonable alternative for Sesay’s actions.
*488 Considering my belief that Sesay’s decision to exit the vehicle was reasonable and did not increase Sesay’s level of endangerment together with the fact the record is devoid of any suggestion of what Sesay could have done to decrease his level of endangerment while he stood by the vehicle and awaited help, I would conclude that the State failed to demonstrate that Sesay acted in a way that endangered his life. As such, I would vote to reverse his conviction for Class B misdemeanor public intoxication.

. Intoxication alone is insufficient to sustain a finding of endangerment. See Vanderlinden v. State, 918 N.E.2d 642, 645 (Ind.Ct.App.2009).