**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**NICOLE A. ZELIN**
Greenfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RANDALL LANGFORD,                    )
                                     )
    Appellant-Defendant,           )
                                     )
        vs.                )          No. 30A01-1309-CR-431
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.            )

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Dan E. Marshall, Judge
Cause No. 30D02-1205-CM-639

**April 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Randall Langford appeals his conviction for operating a motor vehicle while intoxicated ("OWI"), as a Class A misdemeanor, following a bench trial. Langford presents three issues for our review, which we consolidate and restate as two issues:

1.    Whether the police officer had probable cause to initiate a traffic stop prior to Langford's arrest.

2.    Whether the State presented sufficient evidence to support his conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 7, 2012, at approximately 1:05 a.m., Officer Nathan Garner with the McCordsville Police Department was on patrol when he observed a white Cadillac travelling eastbound on State Road 67 at a high rate of speed. Officer Garner used his radar to determine that the car was going seventy-three miles per hour in a fifty-five mile per hour zone. Accordingly, Officer Garner followed the car, which had turned into a residential driveway, and initiated a traffic stop.

As Officer Garner approached the car, he smelled a strong odor of alcohol. The driver presented his license and registration and identified himself as Langford. No one else was in the car. As Officer Garner talked to Langford, he noticed that Langford's eyes appeared glassy and bloodshot and his breath smelled of alcohol. Officer Garner also perceived that Langford's speech was very slow. Langford consented to undergoing field sobriety tests, and he failed the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand test. Officer Garner then advised Langford of his rights under

the implied consent law. Langford consented to a chemical test, which was conducted at the Fortville Police Department. That test revealed that Langford's blood alcohol content ("BAC") was .13.

The State charged Langford with OWI, as a Class A misdemeanor, and operating a motor vehicle with a BAC of .08-.15, a Class C misdemeanor. Following a bench trial, the trial court found Langford guilty of OWI, as a Class A misdemeanor, and entered judgment and sentence accordingly. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Probable Cause

Langford first contends that Officer Garner did not have probable cause to conduct a traffic stop and investigate whether he had been drinking alcohol. The Fourth Amendment's protection against unreasonable searches and seizures has been extended to the States through the Fourteenth Amendment. Thayer v. State, 904 N.E.2d 706, 709 (Ind. Ct. App. 2009). The Fourth Amendment prohibits unreasonable searches and seizures by the government, and its safeguards extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest. Id. However, a police officer may briefly detain a person for investigatory purposes without a warrant or probable cause if, based upon specific and articulable facts together with rational inferences from those facts, the official intrusion is reasonably warranted and the officer has a reasonable suspicion that criminal activity "may be afoot." Moultry v. State, 808 N.E.2d 168, 170-71 (Ind. Ct. App. 2004) (quoting Terry v. Ohio, 392 U.S. 1, 21-22 (1968)).

3

A police officer may stop a vehicle when he observes a minor traffic violation. Ransom v. State, 741 N.E.2d 419, 421 (Ind. Ct. App. 2000), trans. denied. Stopping an automobile and detaining its occupants constitute a "seizure" within the meaning of the Fourth Amendment, even though the purpose of the stop is limited and the resulting detention quite brief. See Delaware v. Prouse, 440 U.S. 648, 653 (1979). "Once the purpose of the traffic stop is completed, a motorist cannot be further detained unless something that occurred during the stop caused the officer to have a reasonable and articulable suspicion that criminal activity was afoot." United States v. Hill, 195 F.3d 258, 264 (6th Cir. 1999). "If the . . . detention exceeds its proper investigative scope, the seized items must be excluded under the 'fruits of the poisonous tree doctrine.'" Id.

Here, Officer Garner testified that he observed Langford driving eighteen miles per hour over the posted speed limit. Thus, the traffic stop was lawful. And as soon as Officer Garner began talking to Langford, he smelled a strong odor of alcohol and observed that Langford had glassy and bloodshot eyes. Langford consented to undergo field sobriety tests, and he failed three of those tests. Finally, Langford consented to a chemical breath test. The traffic stop and subsequent investigation did not violate Langford's Fourth Amendment rights.

### Issue Two: Sufficiency of the Evidence

When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a

4

reasonable doubt.  <u>Wright v. State</u>, 828 N.E.2d 904, 905-06 (Ind. 2005).  It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling.  <u>Id.</u> at 906.

To prove OWI, as a Class A misdemeanor, the State had to show that Langford operated a vehicle while intoxicated in a manner that endangered himself or another person.  Langford contends that the State failed to prove either that he was intoxicated or that he endangered himself or another person.  We address each element in turn.

**Intoxication**

Langford first maintains that the evidence is insufficient to show that he was intoxicated.  Indiana Code Section 9-13-2-86 defines "intoxicated" in relevant part as under the influence of alcohol so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties.  Impairment can be established by evidence of:   (1) the consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; (7) slurred speech.  <u>Fields v. State</u>, 888 N.E.2d 304, 307 (Ind. Ct. App. 2008).  Here, the State presented ample evidence that Langford was intoxicated, including his failure of three field sobriety tests and a chemical breath test showing a BAC of .13.  Langford's contentions on appeal amount to a request that we reweigh the evidence, which we will not do.

**Endangering Himself or Others**

Langford also contends that the State presented insufficient evidence to prove that he endangered himself or others. The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant. Vanderlinden v. State, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), trans. denied. Endangerment does not require that a person other than the defendant be in the same area or that a person be in the path of the defendant's vehicle to obtain a conviction. Id. at 644-45.

Here, the State presented evidence that Langford was driving eighteen miles per hour over the posted speed limit. In Vanderlinden, the defendant drove sixteen miles per hour over the posted speed limit, and we held that that evidence was sufficient to prove the endangerment element. Id. at 646 n.1. Langford's contention on appeal amounts to a request that we reweigh the evidence, which, again, we will not do.[1] The State presented sufficient evidence to support Langford's conviction.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.

---

[1] To the extent Langford suggests that the State impermissibly used the evidence that he was speeding to also support the element of intoxication, the record does not support that suggestion.