## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2016, 8:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gerald Spaulding, Sr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 21, 2016 <br><br> Court of Appeals Case No. <br> 49A05-1605-CR-1039 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Carol Ann Terzo, Senior Judge <br><br> Trial Court Cause No. <br> 49G12-1509-CM-31304 |

**Crone, Judge.**

# Case Summary

Gerald Spaulding, Sr., appeals his conviction following a bench trial for class A misdemeanor operating a vehicle while intoxicated. His sole assertion on appeal is that the State presented insufficient evidence to sustain his conviction. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

A little after midnight on September 3, 2015, Indianapolis Metropolitan Police Department Officer Evan Meyer was patrolling on Lafayette Road in Indianapolis when he noticed in his rearview mirror that a pickup truck was approaching his vehicle from behind. Officer Meyer was traveling at the speed limit, which was thirty-five miles per hour, and he observed that the pickup was traveling at a high rate of speed as it quickly caught up to his police vehicle. In addition to the high rate of speed, Officer Meyer observed that the pickup truck was weaving back and forth on the road. Officer Meyer pulled to the side of the road so that the pickup truck could pass him, and then he pulled out behind the truck and began following it. Officer Meyer again observed that the driver was "moving from the fog lane to like the lane marker" and "was generally weaving back and forth between the two lines." Tr. at 9. After following the pickup truck for approximately "half a mile," Officer Meyer conducted a traffic stop. *Id*.

Officer Meyer approached the driver of the vehicle, who was later identified as Spaulding, and explained why he had stopped him. Officer Meyer observed

that Spaulding "had the odor of an alcoholic beverage on his person" and that his eyes were red, bloodshot, and glassy. *Id*. at 10. Spaulding told Officer Meyer that he had consumed two beers at a strip club on his way home. Officer Meyer administered three field sobriety tests to Spaulding. Spaulding passed the horizontal Gaze nystagmus test, but failed the nine-step walk-and-turn test, and the one-leg-stand test. Based upon his observations, Officer Meyer believed that he had probable cause to request Spaulding to take a certified breath test. Officer Meyer read the implied consent law to Spaulding, and Spaulding agreed to take the breath test. Officer Meyer transported Spaulding to the northwest district police headquarters and administered the test. The result of the test indicated that Spaulding had a blood alcohol content of .138 grams per 210 liters of breath. Officer Meyer then arrested Spaulding. Further investigation revealed that Spaulding's driver's license was suspended due to a prior conviction within the last ten years.

[4] The State charged Spaulding with Count I, class A misdemeanor operating a vehicle while intoxicated, Count II, class C misdemeanor operating a vehicle with an ACE of .08 or more, and Count III, class A misdemeanor operating a vehicle while suspended. Following a bench trial on March 9, 2016, the trial court found Spaulding guilty of Counts I and II, and not guilty of Count III. During sentencing, the trial court merged the convictions and entered judgment of conviction only as to Count I. This appeal ensued.

# Discussion and Decision

[5] Spaulding contends that the State presented insufficient evidence to support his conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.* In short, if the testimony believed by the trier of fact is enough to support the conviction, then the reviewing court will not disturb it. *Id.* at 500.

[6] To convict Spaulding of class A misdemeanor operating a vehicle while intoxicated, the State was required to prove that Spaulding operated a vehicle while intoxicated in a manner that endangered a person. Ind. Code § 9-30-5-2(b). The term "intoxicated" is defined as "under the influence of … (1) alcohol … so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86.

[7] Spaulding first asserts that the State failed to prove that he was impaired. Impairment can be proven based on evidence of: "(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." *Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied* (2010). Here, Officer Meyer

testified that Spaulding smelled of alcohol, had red, bloodshot, and glassy eyes, and he failed two out of three field sobriety tests. This evidence was sufficient to demonstrate that Spaulding was impaired. His alternative explanations for why he smelled of alcohol, had bloodshot eyes, and failed the tests are simply invitations for us to reweigh the evidence and reassess witness credibility, which we cannot do.

[8] Spaulding also maintains that the State failed to prove that he operated his vehicle in a manner that endangered a person. To prove endangerment, the State was required to present evidence "showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." *Id*. Although the State must submit proof of endangerment that goes beyond mere intoxication, *see Outlaw v. State*, 929 N.E.2d 196 (Ind. 2010), *expressly adopting Outlaw v. State*, 918 N.E.2d 379 (Ind. Ct. App. 2009), endangerment does not require that "a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction." *Vanderlinden,* 918 N.E.2d. 644-45.

[9] The State clearly met its burden of proof here. The evidence demonstrated that Spaulding drove his pickup truck at a high rate of speed while weaving back and forth within the driving lane. Indeed, Officer Meyer's vehicle was initially directly in front of Spaulding's vehicle and in harm's way when Officer Meyer first observed Spaulding driving in this manner. It was the trial court's prerogative, as the trier of fact, to conclude that this manner of operation could have endangered any person, including the public, Officer Meyer, or Spaulding.

Spaulding's assertions to the contrary are again simply requests for us to reweigh the evidence, and we cannot. The State presented sufficient evidence to support Spaulding's conviction for class A misdemeanor operating a vehicle while intoxicated. Therefore, we affirm his conviction.

[10] Affirmed.

Riley, J., and Altice, J., concur.