## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 06 2019, 6:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tawanda Nyanhongo,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 6, 2019

Court of Appeals Case No.
18A-CR-2539

Appeal from the Marion Superior Court

The Honorable Christina Klineman, Judge

Trial Court Cause No.
49G17-1804-F6-12536

**May, Judge.**

[1]     Tawanda G. Nyanhongo appeals his conviction of Level 6 felony operating a vehicle while intoxicated with a previous conviction within five years.[1] Nyanhongo argues the State presented insufficient evidence to sustain his conviction.[2] We affirm and *sua sponte* remand for correction of the Abstract of Judgment.

## Facts and Procedural History

[2]     On April 13, 2018, Nyanhongo and Yazmin Robinson went to the park to grill and eat dinner. During dinner, Nyanhongo drank a couple beers, so Robinson drove them to her house. While there, Nyanhongo had trouble walking. After ten to fifteen minutes at the house, Nyanhongo wanted to go to the liquor store. Robinson offered to drive, but they left Robinson's house with Nyanhongo driving the vehicle. Robinson tried to convince Nyanhongo to stop driving. She called 911. She also made multiple attempts to pull the keys from the ignition, causing the vehicle to swerve.

[3]     At approximately 11:30 p.m., Officer Harris was on his way to investigate Robinson's 911 call when he observed Nyanhongo's vehicle make a left turn, cross a double yellow line, and partially leave the lane of traffic. Nyanhongo corrected the vehicle's path. Officer Harris then saw Nyanhongo's vehicle

---

[1] Ind. Code §§ 9-30-5-2(a), 9-30-5-3(a)(1).

[2] Nyanhongo was also convicted of Class B misdemeanor possession of marijuana. Ind. Code § 35-48-4-11. He received a suspended sentence of 180 days. Nyanhongo does not appeal that conviction or sentence, and accordingly we need not elaborate the facts and procedure related to that crime.

swerve across the double yellow line a second time, and he initiated a traffic stop. Nyanhongo told Officer Harris that Robinson was trying to pull the keys out of the ignition. Officer Harris asked Nyanhongo to exit the vehicle and noticed a strong smell of alcohol. Nyanhongo's eyes were glassy and bloodshot.

[4] Officer Alexander Redding also arrived at the scene. He noticed Nyanhongo leaning against the vehicle. Officer Redding administered a series of field sobriety tests. He conducted the horizontal gaze nystagmus test at the scene, and Nyanhongo failed that test. Officer Redding then transferred Nyanhongo to the Speedway Police Department because it was dark and raining at the scene. There, Officer Redding administered the walk and turn test and the one-legged stand test. Nyanhongo failed the walk and turn test but passed the one-legged stand test. Officer Redding concluded there was probable cause to invoke Indiana's Implied Consent Law and offered Nyanhongo a chemical breath test. Nyanhongo refused the chemical breath test, so Officer Redding obtained a warrant authorizing a blood draw. The sample showed Nyanhongo's whole body blood alcohol concentration to be in the range of .059 to .071% (0.059 to 0.071 g/100mL). (Tr. Vol. II at 32-33.)

[5] The State charged Nyanhongo with Class A misdemeanor operating a vehicle while intoxicated endangering a person, pursuant to Indiana Code section 9-30-5-2. The State also charged Nyanhongo with a Level 6 Felony enhancement of that operating charge based on Nyanhongo having another conviction of

operating while intoxicated within the prior five years, pursuant to Indiana Code section 9-30-5-3(a)(1).[3]

[6] The court found Nyanhongo guilty of Level 6 felony operating a vehicle while intoxicated. The court sentenced Nyanhongo to concurrent terms of 365 days for operating a vehicle while intoxicated and 180 days for possession of marijuana. After giving Nyanhongo credit for time served, the trial court suspended the remainder of his sentence.

# Discussion and Decision

## Sufficiency of the Evidence

[7] Our standard of review for assessing sufficiency of the evidence is well-settled. We look only at the probative evidence and the reasonable inferences supporting the verdict. *Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017). We neither reweigh the evidence nor assess the credibility of the witnesses. *Id.* We affirm the trial court unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[8] Operating a vehicle while intoxicated with a previous conviction in the last five years is a Level 6 felony. Ind. Code § 9-30-5-2(a) (operating while intoxicated); Ind. Code § 9-30-5-3(a)(1) (enhancement for prior conviction). Nyanhongo

---

[3] The State also charged Nyanhongo with Class A misdemeanor domestic battery, but it dismissed that charge prior to trial.

does not dispute he had another conviction within the prior five years. Instead he argues the State presented insufficient evidence of intoxication.

[9] Our legislature defined intoxication as "under the influence of: (1) alcohol…so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86. This statute does not require separate proof of impairment of action, impairment of thought, and loss of control of faculties. *Curtis v. State*, 937 N.E.2d 868, 873-874 (Ind. Ct. App. 2010). Rather, "impairment is established by proof of certain behaviors and traits evincing impairment, irrespective of whether that evidence established particularized impairment of action, thought, *and* loss of control of faculties." *Id.* (emphasis in original).

[10] Nyanhongo asks us to reconsider *Curtis* and hold the State must demonstrate separately proof of (1) impairment of action, (2) impairment of thought, and (3) loss of control of faculties. We decline to do so. For one, our reasoning in *Curtis* is sound. As we explained, "a person's unfitness to operate a vehicle, i.e., his impairment, is to be determined by considering his capability as a whole, not component by component, such that impairment of any of the three abilities necessary for the safe operation of a vehicle equals impairment." *Id.* at 873. Second, we will follow our previous decisions unless provided with a strong justification not to do so. *Lincoln Utils., Inc. v. Office of Util. Consumer Counselor*, 661 N.E.2d 562, 565 (Ind. Ct. App. 1996), *reh'g denied*, *trans. denied*.

[11] Third, Nyanhongo's claim would fail even if we were to adopt his suggested interpretation of the statute. The State can demonstrate impairment by showing: "(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." *Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied*. Robinson observed Nyanhongo drink alcohol and have trouble walking before he started driving. Nyanhongo's eyes were glassy and bloodshot. Both Officer Harris and Officer Redding smelled alcohol on him. Nyanhongo had to lean against the vehicle for support. Nyanhongo failed two field sobriety tests, the horizontal gaze nystagmus test and the walk and turn test. This evidence demonstrates impairment of Nyanhongo's actions, impairment of Nyanhongo's thoughts, and loss of control of his faculties. *See* Ind. Code § 9-13-2-86 (definition of intoxicated).

[12] Nyanhongo notes his blood alcohol concentration was below .08. However, the offense with which he was charged does not require proof of a specified blood alcohol content. *Compare* Ind. Code § 9-30-5-2 (operating while intoxicated) *with* Ind. Code § 9-30-5-1 (operating with blood alcohol concentration of .08 or higher). Sufficient evidence supports Nyanhongo's conviction. *See Burnett v. State*, 74 N.E.3d 1221, 1226 (Ind. Ct. App. 2017) (holding defendant's slow and slurred speech, glassy eyes, and alcohol smell on breath, combined with officer's observations at the scene, were sufficient evidence of intoxication).

## Abstract of Judgment

[13]     *Sua sponte*, we observe the Abstract of Judgment does not accurately reflect the judgment announced at the conclusion of trial.[4]  At trial, after Nyanhongo conceded the required prior conviction, the court indicated it would enter the conviction as a Level 6 felony.  (*See* Tr. Vol. II at 65.)  However, the Abstract lists the charged crime for Count I as "9-30-5-2(a)(b)/F6: Operating a Vehicle While Intoxicated: Endangering a Person."  (App. Vol. 2 at 11.)  It lists the statutory citation for the charge as "9-30-5-2(a)(b)" and notes disposition as "Finding of Guilty Lesser Included."[5]  (*Id*.)  The Abstract of Judgment contains no reference to Indiana Code section 9-30-5-3(a)(1), which permitted the Class C misdemeanor crime to be enhanced to a Level 6 felony conviction.  Therefore, we remand for the trial court to amend the Abstract of Judgment to reflect Nyanhongo is guilty of Level 6 felony operating a vehicle while intoxicated with a previous conviction, in violation of Indiana Code section 9-30-5-3(a)(1).  *See Borum v. State*, 951 N.E.2d 619, 632 (Ind. Ct. App. 2011) (remanding for trial court to correct the abstract of judgment).

# Conclusion

---

[4] Nor, as written, does it support the one-year sentence imposed for Count I.

[5] "Finding of Guilty Lesser Included" is a reference to the trial court's refusal to find Nyanhongo endangered a person as required for the Class A misdemeanor conviction under Indiana Code section 9-30-5-2(b).

We affirm Nyanhongo's conviction for operating a vehicle while intoxicated because the State presented sufficient evidence to support the conviction. However, we remand for the trial court to amend the Abstract of Judgment to accurately reflect the verdict announced at trial.

Affirmed and remanded.

Mathias, J., and Brown, J., concur.