## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 05 2020, 9:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Batesville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy L. Jackson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 5, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1788<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Clayton A. Graham, Judge<br><br>Trial Court Cause No.<br>49G07-1810-CM-35027 |

**Bailey, Judge.**

# Case Summary

Timothy L. Jackson ("Jackson") appeals his conviction for operating a vehicle while intoxicated.[1]  He presents the sole issue of whether the evidence is sufficient to support his conviction.  We affirm.

# Facts and Procedural History

On September 15, 2018, Indiana State Police were conducting a sobriety checkpoint in Marion County, Indiana.  Around 11:45 p.m., Jackson approached the sobriety checkpoint and was stopped.  Officer Faulk was conducting Jackson's sobriety check and told him to turn off his vehicle because it was moving forward.  Officer Faulk then asked Jackson to supply him with his license and vehicle registration.

During this transaction, Officer Faulk noticed an odor of alcohol and saw that Jackson's eyes were watery and reddish in color.  Officer Faulk asked Jackson whether he had anything to drink and Jackson acknowledged that he had.  Officer Faulk then asked Jackson to step out of the vehicle.  After realizing Jackson was disabled, Officer Faulk assisted Jackson out of the vehicle.  Officer Faulk then offered to conduct a portable breath test and horizontal gaze nystagmus field sobriety test ("HGN Test").  Jackson declined to take the portable breath test and failed the HGN Test.  Subsequently, Jackson was

---

[1] Ind. Code § 9-30-5-2(a).  Jackson is not appealing his conviction for driving while suspended.

transported to Marion County Jail for a blood draw that was supported by a search warrant. The blood draw occurred one hour and forty-five minutes after the stop and results established that Jackson's blood alcohol concentration was .087.

[4] Jackson was charged with Count I driving while suspended pursuant to Ind. Code Section 9-24-19-2, as a Class A misdemeanor; Count II operating a vehicle while intoxicated, Class C misdemeanor pursuant to Ind. Code Section 9-30-5-2(a); and Count III, operating a vehicle with an ACE of .08 or more, pursuant to Ind. Code. Section 9-30-5-1(a), as a Class C misdemeanor. The trial court found Jackson guilty of Count I and II, but not Count III.

[5] For Count I the trial court imposed a sentence of 365 days, 363 days suspended with credit for 2 days, and Count II, 60 days, 58 days suspended with credit for 2 days be served consecutive to Count I and ordered probation for 180 days with alcohol treatment. Jackson now appeals.

# Discussion and Decision

[6] Jackson contends the evidence is insufficient to support his conviction. Specifically, he claims a lack of evidence of impairment.

[7] When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgement and the reasonable inferences that may be drawn from that evidence

to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id*. Reversal would only be appropriate when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007).

[8] The State alleged that Jackson committed a Class C Misdemeanor of operating a vehicle while intoxicated. To be convicted of this crime, the State must prove that Jackson (1) operated a vehicle; and (2) while intoxicated. I.C. § 9-30-5-2(a). Because it is not disputed that Jackson was operating a vehicle, only the second element in this case is in dispute. Indiana law defines intoxication as "under the influence of alcohol 'so that there is an impaired condition of thought and action and the loss of normal control a person's faculties.'" Ind. Code § 9-13-2-86. This Court has determined that "impairment can be established by evidence of the following: '(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech.'" *Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App 2009).

[9] The evidence and reasonable inferences to be drawn therefrom most favorable to the judgment are as follows. Jackson admitted to consuming alcohol that evening, had alcohol in his car, and there was an odor of alcohol that was emanating from him. The officer noted that Jackson had watery, red eyes; and Jackson did not stop the vehicle when arriving at the traffic stop. As a result, Jackson was ordered to turn off the vehicle and step out of it. Lastly, Jackson

was unsteady, declined to take the portable breathalyzer test, failed the HGN Test, and had a blood alcohol level of .087. Although Jackson contends that he was unsteady because of his disability rather than intoxication, this court cannot reweigh the evidence nor judge the credibility of witnesses. *Jones*, 783 N.E.2d at 1139.

[10] Here, there is sufficient evidence from which a reasonable fact-finder could conclude that Jackson was intoxicated while operating a vehicle.

[11] Affirmed.

Kirsch, J., and Mathias, J., concur.