## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 15 2020, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lasandra Norman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 15, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2751<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Diane Ross Boswell, Judge<br><br>Trial Court Cause No.<br>45G03-1801-F6-10 |

**May, Judge.**

[1] Lasandra Norman challenges her conviction of Class A misdemeanor operating a vehicle while intoxicated and endangering a person less than eighteen years of age.[1] Norman argues the State failed to produce sufficient evidence to support her conviction. We affirm.

## Facts and Procedural History

[2] On December 29, 2017, at 11:39 p.m., Lake Station Police Department Patrol Officer Troy Allen observed a vehicle swerving and weaving erratically across lanes on the road during hazardous winter driving conditions. Officer Allen paced Norman's vehicle and using his speedometer determined the vehicle's speed as sixty miles per hour, even though the speed limit was only thirty-five miles per hour, and promptly pulled over the vehicle. Norman was the driver of the car, and her seventeen-year-old daughter, L.N., was sitting in the front passenger seat. While questioning Norman at the scene, Officer Allen smelled a "strong odor of alcoholic beverage emitting from her breath," observed that she had "red, watery eyes," and noticed that Norman's "speech appeared to be slurred." (Tr. Vol. II at 52-53.) When questioned, Norman confirmed she had some champagne earlier that evening while at the beauty salon.

[3] Based on his observations and Norman's admission to having consumed alcohol, Officer Allen began to evaluate the extent of Norman's impairment. Norman agreed to the first field sobriety test, the Horizontal Gaze Nystagmus

---

[1] Ind. Code § 9-30-5-3. Norman was found guilty of a Level 6 felony, but the trial court reduced her conviction to a Class A misdemeanor pursuant to Indiana Code section 35-50-2-7(c)(1)(A).

(HGN), which she failed for both eyes. After the HGN test, Officer Allen administered a portable breathalyzer test which showed that Norman had a blood alcohol content of "0.184." (Tr. Vol. II at 73.) Officer Allen did not ask Norman to perform the walk-and-turn and the one-leg stand field sobriety tests because of the unsafe weather conditions. Rather, he drove Norman to the Lake Station Police Department to complete his investigation. While at the station, Norman refused to complete the final two field sobriety tests or submit to a chemical test as outlined by the implied consent statute.[2] Officer Allen placed Norman under arrest for operating a vehicle while intoxicated.

[4] On January 1, 2018, the State charged Norman with Level 6 felony operating a vehicle while intoxicated endangering a person than eighteen years of age, Class A misdemeanor operating a vehicle while intoxicated endangering a person,[3] and Class C misdemeanor operating a vehicle while intoxicated.[4] Norman requested a bench trial and proceeded *pro se*. The trial court found Norman guilty on all counts, but vacated the two misdemeanor counts and, in its discretion pursuant to Indiana Code section 35-50-2-7, entered a judgment of conviction on the Level 6 felony charge as a Class A misdemeanor. The trial court then imposed a one-year suspended advisory sentence. The trial court

---

[2] All drivers impliedly consent to submit to chemical testing if there is probable cause to believe the driver has committed an "operating while intoxicated" offense. Ind. Code §§ 9-30-6-1 & 9-30-6-2.

[3] Ind. Code § 9-30-5-2(b).

[4] Ind. Code § 9-30-5-2(a).

granted Norman's petition to file a belated notice of appeal on October 24, 2019.

# Discussion and Decision

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is solely the initial fact-finder's role to evaluate witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction; thus we consider conflicting evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). We will affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

In order to convict Norman, the State had to present evidence to prove beyond a reasonable doubt that Norman "operate[d] a vehicle while intoxicated[,]" Ind. Code § 9-30-5-2(a), "in a manner that endangers a person under the age of eighteen." Ind. Code § 9-30-5-3. Indiana Code section 9-13-2-86 defines intoxication as being under the influence of alcohol such "that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." A number of physical factors may indicate impairment, including: (1) admitted consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests;

and (7) slurred speech. *Fields v. State*, 888 N.E.2d 304, 307 (Ind. Ct. App. 2008). The State is required to establish the defendant was impaired based on other factors regardless whether the blood alcohol content was above or below the legal limit. *Jellison v. State*, 656 N.E.2d 532, 535 (Ind. Ct. App. 1995).

[7] Norman attempts to persuade us to consider her daughter's testimony, which contradicts Officer Allen's testimony that Norman displayed signs of alcohol-induced impairment. L.N. testified that she did not smell any alcohol on Norman nor hear Norman slur her speech and that, due to the condition of the roads that night, Norman could not have been driving erratically. L.N. additionally testified that she lived with Norman and that she had never seen Norman intoxicated before. The trial judge ultimately agreed with the State that L.N. displayed bias towards Norman's version of events. It is well-established that this Court will not reweigh the evidence presented or reassess the credibility of a witness. *Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007). Thus, we will not disturb the trial court's determination that Officer Allen's testimony was more credible than L.N.'s testimony and, instead, turn our attention to whether the State presented sufficient evidence to demonstrate Norman's impairment and intoxication.

[8] In *A.V. v. State*, 918 N.E.2d 642, 643 (Ind. Ct. App. 2009), A.V. had been stopped by a State Trooper for driving fifty-one miles per hour in a thirty-five mile per hour zone. Upon approaching the vehicle, the Trooper first observed that A.V. had bloodshot eyes and alcohol-tinged breath and then, during questioning of A.V. at the scene, confirmed that A.V. had consumed an

unspecified amount of alcohol earlier that evening. *Id*. The Trooper administered only the HGN field sobriety test, because A.V. had a sprained ankle and could not participate in the other tests. *Id*. at 644.

[9] Based on the officer's investigation, the State charged A.V. with Class A misdemeanor operating while intoxicated and Class C misdemeanor public intoxication.[5] *Id*. As part of its case in chief, the State emphasized that A.V. admitted consuming at least some alcohol that evening, that the Trooper smelled alcohol on her breath, that her eyes appeared red, and that she failed the HGN field sobriety test. *Id*. After a bench trial, the trial court found A.V. guilty of both counts but entered a conviction on only the operating while intoxicated count. We upheld A.V.'s conviction as having sufficient support in the evidence. *Id*. at 644.

[10] In our present case, the arresting officer testified that Norman had the smell of alcohol on her breath, had bloodshot watery eyes, produced slurred speech, failed the only field sobriety test given, displayed erratic and dangerous driving behavior, and refused to submit to a chemical test or the remaining field sobriety tests. These facts provide sufficient evidence of intoxication. *See id*.

[11] Norman also suggests her conviction was improper because the trial court judge misinterpreted Indiana Code section 9-13-2-86, which defines intoxication. In support, Norman notes that, during the sentencing hearing, the judge commented that the statute is "written for people not to drink and drive…and

---

[5] Ind. Code § 35-50-3-4.

that means not one beer, not one glass of champagne." (Tr. Vol. II at 162.) However, immediately prior to that statement, Norman had asked the judge "if the limit is 0.08 and you blow 0.05, will that still be considered as impaired," to which the Judge replied, "well sometimes it is, because of…what you do." (*Id.*) We agree with Norman that the trial judge's statement during sentencing is not a correct statement of the law, however we are not persuaded by Norman's assertion that, based on that singular statement, the judge misapplied the statute. When considered against the context in which the statement was said, the legal understanding of what establishes impairment, and the facts that were presented at trial regarding Norman's erratic driving behavior and physical state, there is sufficient evidence to uphold Norman's conviction. In a bench trial, as was held here, we presume the trial court knows and properly applies the law, *see Techna-Fit, Inc. v. Fluid Transfer Products, Inc.*, 45 N.E.3d 399, 413 (Ind. Ct. App. 2015) ("where a bench trial is held, we presume the trial judge is aware of and knows the law and considers only evidence properly before [her] in reaching a decision"), and Norman has not demonstrated we should ignore that presumption.

# Conclusion

[12] We hold the State met its burden of proving beyond a reasonable doubt that Norman was sufficiently impaired and under the influence of alcohol when she operated her vehicle. Accordingly, we affirm her conviction of Class A

misdemeanor operating a vehicle while intoxicated endangering a person under the age of eighteen.

[13] Affirmed.

Robb, J., and Vaidik, J., concur.